# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE:  SAN FRANCISCO

DOA: 5/6/26

26-6142 MJ

CR26-00194 TLT

UNITED STATES OF AMERICA,

V.

ALBERT BAZAAR

<span style="color:red">SEALED</span>

DEFENDANT(S).

```
FILED

Apr 28 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO
```

## INDICTMENT

18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 371 – Conspiracy;
16 U.S.C. § 3372 – Lacey Act Trafficking;
16 U.S.C. § 3373 – Lacey Act False Labeling;
16 U.S.C. § 3374 – Forfeiture Allegation.

A true bill.

*/s/ Grand Jury Foreman*

Foreman

Filed in open court this ____28th____ day of

April, 2026_____.

S. Ybarra

Clerk

Bail, $ _Warrant_____

Hon. Alex G. Tse, U.S. Magistrate Judge

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

FILED

Apr 28 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ALBERT BAZAAR,<br><br>  Defendant. | CASE NO.  CR26-00194 TLT<br><br>VIOLATIONS:<br><br>18 U.S.C. § 2 – Aiding and Abetting;<br>18 U.S.C. § 371 – Conspiracy;<br>16 U.S.C. § 3372 – Lacey Act Trafficking;<br>16 U.S.C. § 3373 – Lacey Act False Labeling;<br>16 U.S.C. § 3374 – Forfeiture Allegation.<br><br>**SAN FRANCISCO VENUE** |

INDICTMENT

The Grand Jury charges:

INDIVIDUALS

1.     ALBERT BAZAAR was a resident of Angie, Louisiana, and elsewhere.

2.     Person #1 was a resident of Richmond, California, and the owner of a corporation in the business of exporting exotic wildlife in the pet trade.

REGULATORY BACKGROUND

3.     The Lacey Act was the nation's oldest wildlife protection law. The Lacey Act made it unlawful for any person, including a corporation:

INDICTMENT                                    1

a.   to knowingly export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce any wildlife possessed, transported, or sold in violation of any law or regulation of any state. 16 U.S.C. § 3372(a)(2)(A).

b.   to knowingly export, transport, sell, receive, acquire, or purchase any wildlife taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States. 16 U.S.C. § 3372(a)(1).

c.   to attempt to commit any act described above. 16 U.S.C. § 3372(a)(4).

d.   to make or submit any false record, account, or label for, or any false identification of any wildlife which had been or was intended to be transported in interstate or foreign commerce. 16 U.S.C. § 3372(d)(2).

4.      The Convention on International Trade in Endangered Species of Wild Flora and Fauna ("CITES") was an international agreement among approximately 184 governments, including the United States, to protect fish, wildlife, and plants that are, or may become, threatened with extinction. CITES established import and export restrictions to protect these species from overexploitation through international trade. CITES established a classification system known as appendices. International trade in species listed in these appendices was monitored and regulated by permits and quotas. The permit restrictions applied to live and dead specimens.

5.      The species listed in CITES Appendix II included those that were not presently threatened with extinction due to trade but may become so if their trade were not regulated. Appendix II species may be allowed in trade; however, they were strictly regulated and monitored. To export an Appendix II species from the United States, the exporter must have obtained a valid foreign export or re-export permit, issued by the U.S. Fish and Wildlife Service ("USFWS"), prior to exportation. 50 C.F.R. § 23.20. The foreign export permit required information including the quantity, scientific name, and breeding origin for the species. International trade in a CITES specimen without the required documentation was prohibited. 50 C.F.R. § 23.13(a).

6.      The United States implemented CITES through the Endangered Species Act ("ESA"). *See* 16 U.S.C. §§ 1537a, 1538(c). The USFWS was authorized to issue, and has issued, regulations under the ESA incorporating the specific permit requirements and CITES provisions. 16 U.S.C. §

INDICTMENT                                        2

1540(f); 50 C.F.R. Part 23. The ESA and its implementing regulations made it unlawful for anyone to engage in trade in any specimens contrary to CITES or to possess any specimens traded contrary to CITES. 16 U.S.C. § 1538(c)(1); 50 C.F.R. §§ 23.13(a) and (c). "Trade" included export from the United States. 50 C.F.R. § 23.5.

7.      The State of California required that each package containing any live aquatic plant or animal shall bear, in a conspicuous place, a tag on which shall be stated the name and address of the consignor, the name and address of the consignee, and the exact contents of the package. Cal. Fish and Game Code § 2272.

8.      The State of Florida prohibited any individual:

    a.   to take more than one turtle per day unless authorized by permit. Fla. Admin. Code Ann. R. 68A-25.002(6)(a)(1).

    b.   to take any striped mud turtles from the wild. Fla. Admin. Code Ann. R. 68A-25.002(6)(a)(4).

    c.   to possess more than two loggerhead musk turtles. Fla. Admin. Code Ann. R. 68A-25.002(6)(a)(8).

    d.   to sell any turtles taken from the wild. Fla. Admin. Code Ann. R. 68A-25.002(6)(c).

## WILDLIFE

9.      Loggerhead musk turtles (*Sternotherus minor*) and stripe-neck musk turtles (*Sternotherus minor peltifer*) were native to the southeastern United States and highly sought after in the pet trade in Taiwan and People's Republic of China ("China"). The turtles had a musk gland that can produce a strong odor when threatened. Musk turtles were largely aquatic and grew to three to five inches in length with a domed carapace. They could live 20 to 60 years. They were listed in CITES Appendix II on February 23, 2023.

10.      Striped mud turtles (*Kinosternon baurii*) were native to Florida, with some populations in Georgia and the Carolinas. They were highly sought after in the pet trade in Taiwan and China. They

INDICTMENT                          3

could grow up to four inches in length and have three stripes on their carapace. They could live 20 to 50 years. They were listed in CITES Appendix II on February 23, 2023.

### OBJECT OF THE CONSPIRACY

11.     The object of the conspiracy was to illegally obtain turtles from the wild in Florida, ship them to the Northern District of California, and export them to foreign purchasers for profit.

### MANNER AND MEANS OF THE CONSPIRACY

12.     The manner and means by which BAZAAR and his co-conspirators sought to accomplish the object of the conspiracy included, among others, the following:

13.     In furtherance of the conspiracy and to effect the illegal object thereof, BAZAAR took, possessed, and sold turtles in violation of Florida law.

14.     In furtherance of the conspiracy and to effect the illegal object thereof, Person #1 funded BAZAAR's turtle harvest, purchased the turtles from him, and resold them to customers in Taiwan.

15.     In furtherance of the conspiracy and to effect the illegal object thereof, BAZAAR and Person #1 created and submitted false records indicating the turtles had been bred in captivity.

16.     In furtherance of the conspiracy and to effect the illegal object thereof, BAZAAR and Person #1 collected and exported more than 1,700 loggerhead musk turtles, more than 100 stripe-neck musk turtles, and more than 15 striped mud turtles with a market value greater than $550,000.

### OVERT ACTS

17.     In furtherance of the conspiracy and in order to effect the object thereof, BAZAAR, Person #1, and their co-conspirators committed the following overt acts, among others, in the Northern District of California, and elsewhere:

Sale #1

Overt Act 1: On or about January 14, 2022, BAZAAR sent Person #1 an email stating he had turtles for him.

Overt Act 2: On or about January 18, 2022, Person #1 sent BAZAAR an email stating he needed the 200 turtles they had discussed so he could ship them to a customer in February 2022.

Overt Act 3: On or about January 26, 2022, BAZAAR sent Person #1 an email stating he only extracted 36 turtles and ordered a heated wetsuit because the turtles were hunkered down in silt.

INDICTMENT                                             4

Overt Act 4: On or about January 27, 2022, BAZAAR sent Person #1 an email stating he understood having to reschedule international shipments.

Overt Act 5: On or about February 13, 2022, Person #1 sent BAZAAR an email stating he needed a reliable shipping date because his customer was upset and that he had to let the airline and port authorities know.

Overt Act 6: On or about April 8-14, 2022, BAZAAR collected turtles in the vicinity of the Chipola River near Marianna, Florida.

Overt Act 7: On or about April 15, 2022, BAZAAR drove turtles from Florida to Louisiana.

Overt Act 8: On or about May 2, 2022, BAZAAR shipped a package containing turtles from Louisiana to Berkeley, California.

Overt Act 9: On or about May 4, 2022, Person #1 filed an electronic USFWS declaration for loggerhead musk turtles as being "animals born in captivity (from parents that mated in the wild) or animals that do not qualify as captive-bred under CITES."

Overt Act 10: On or about May 5, 2022, Person #1 exported 190 loggerhead musk turtles from San Francisco to Taiwan.

Overt Act 11: On or about May 5, 2022, Person #1 wired BAZAAR $1,500.

Sale #2

Overt Act 12: On or about May 9, 2022, BAZAAR emailed Person #1 stating Person #1 would receive 300 turtles worth $11,000 - $12,000 and that BAZAAR owed him $5,700.

Overt Act 13: On or about May 12, 2022, Person #1 wired BAZAAR $800.

Overt Act 14: On or about May 13-15, 2022, BAZAAR travelled from Louisiana to Florida and back.

Overt Act 15: On or about May 16, 2022, BAZAAR shipped two packages containing 318 loggerhead musk turtles, 39 stripe-neck musk turtles, and six common musk turtles from Louisiana to Person #1 in Berkeley, California.

Overt Act 16: On or about May 18, 2022, Person #1 filed a false electronic USFWS declaration for loggerhead musk turtles and stripe-neck musk turtles as being "animals bred in captivity (from parents that mated in captivity)."

INDICTMENT                                             5

Overt Act 17: On or about May 19, 2022, Person #1 exported 320 loggerhead musk turtles and 39 stripe-neck musk turtles from San Francisco to Taiwan.

Overt Act 18: On or about May 26, 2022, BAZAAR signed a notarized Statement Declaration of Captive Bred Wildlife falsely stating all musk turtles provided to Person #1 in 2022 were captive bred as permitted by Alabama and Georgia.

Overt Act 19: On or about May 31, 2022, Person #1 emailed the Statement Declaration of Captive Bred Wildlife to a USFWS wildlife inspector in San Francisco.

Sale #3

Overt Act 20: On or about June 28, 2022, in Sarasota, Florida, BAZAAR purchased 30 turtles, including 16 three-striped mud turtles, that were wild-caught.

Overt Act 21: On or about July 5, 2022, Person #1 wired BAZAAR $1,000.

Overt Act 22: On or about July 12, 2022, BAZAAR shipped two packages from Louisiana to Person #1 in San Rafael, California.

Overt Act 23: On or about July 13, 2022, Person #1 filed a false electronic USFWS declaration for loggerhead musk turtles and stripe-neck musk turtles as being "animals bred in captivity (from parents that mated in captivity)."

Overt Act 24: On or about July 14, 2022, Person #1 exported 183 loggerhead musk turtles and eight stripe-neck musk turtles from San Francisco to Taiwan.

Sale #4

Overt Act 25: On or about August 2, 2022, Person #1 wired BAZAAR $2,000.

Overt Act 26: On or about August 16, 2022, BAZAAR shipped two packages from Louisiana to Person #1 in San Rafael, California.

Overt Act 27: On or about August 17, 2022, Person #1 filed a false electronic USFWS declaration for loggerhead musk turtles as being "animals bred in captivity (from parents that mated in captivity)."

Overt Act 28: On or about August 18, 2022, Person #1 exported 262 loggerhead musk turtles from San Francisco to Taiwan.

//

INDICTMENT                    6

Sale #5

Overt Act 29: On or about August 30, 2022, BAZAAR shipped a package from Louisiana to Person #1 in San Rafael, California.

Overt Act 30: On or about August 31, 2022, Person #1 filed a false electronic USFWS declaration for loggerhead musk turtles, stripe-neck musk turtles, and three-striped mud turtles as being "animals bred in captivity (from parents that mated in captivity)."

Overt Act 31: On or about September 1, 2022, Person #1 exported 125 loggerhead musk turtles, ten stripe-neck musk turtles, and 13 three-striped mud turtles – including seven mud turtles BAZAAR had purchased on June 28, 2022 – from San Francisco to Taiwan.

Overt Act 32: On or about September 2, 2022, Person #1 wired BAZAAR $3,000.

Overt Act 33: On or about September 7, 2022, Person #1 received a bank wire from a Taiwanese company for $15,166.

Overt Act 34: On or about September 8, 2022, Person #1 wired BAZAAR $2,000.

Sale #6

Overt Act 35: On or about September 20-28, 2022, Person #1 wired BAZAAR three transfers totaling $8,000.

Overt Act 36: On or about September 23, 2022, BAZAAR purchased a boat for $8,500 financed by Person #1 to take turtles from the wild.

Overt Act 37: On or about October 4, 2022, BAZAAR shipped a package from Louisiana to Person #1 in San Rafael, California.

Overt Act 38: On or about October 5, 2022, Person #1 filed a false electronic USFWS declaration for loggerhead musk turtles as being "animals bred in captivity (from parents that mated in captivity)."

Overt Act 39: On or about October 6, 2022, Person #1 exported 200 loggerhead musk turtles from San Francisco to Taiwan.

Overt Act 40: On or about October 7, 2022, Person #1 wired BAZAAR $2,000.

Overt Act 41: On or about October 11, 2022, Person #1 received a bank wire from a company in Singapore for $15,000.

INDICTMENT                                              7

Overt Act 42: On or about October 12, 2022, Person #1 received a bank wire from a Taiwanese company for $2,615.

Overt Act 43: On or about October 21, 2022, Person #1 wired BAZAAR $2,000.

Sale #7

Overt Act 44: On or about November 3, 2022, Person #1 wired BAZAAR $2,000.

Overt Act 45: On or about November 7, 2022, Person #1 received a bank wire from a company in Hong Kong for $3,977.

Overt Act 46: On or about November 14, 2022, Person #1 wired BAZAAR $1,000.

Overt Act 47: On or about November 16, 2022, Person #1 sent an email to BAZAAR stating, "Turtles came in nice… thanks… we'll see what they say about the tiny ones… if we are allowed by USFW, I would like to get out at least one more shipment, week after next, you ship to me on Tuesday, 11/29."

Overt Act 48: On or about November 16, 2022, Person #1 filed a false electronic USFWS declaration for loggerhead musk turtles and stripe-neck musk turtles as being "animals bred in captivity (from parents that mated in captivity)."

Overt Act 49: On or about November 17, 2022, Person #1 exported 140 loggerhead musk turtles and 13 stripe-neck musk turtles from San Francisco to Taiwan.

Overt Act 50: On or about November 21, 2022, Person #1 received a bank wire from a Taiwanese company for $12,380.

Overt Act 51: On or about November 21, 2022, Person #1 wired BAZAAR $1,500.

Sale #8

Overt Act 52: On or about December 5, 2022, Person #1 wired BAZAAR $4,000.

Overt Act 53: On or about December 5, 2022, Person #1 sent a text message to BAZAAR stating, "Just wired $4k… get a vehicle, get some more turtles, get them shipped to me… good luck."

Overt Act 54: On or about December 10, 2022, BAZAAR responded stating, "Bought a 2000 Dodge Ram Van 3500 with 74,000 miles… Been getting up at 3:30am every morning. I will start again tomorrow... Shipment 300+ logs won't be ready til next week. I'll try to get some pelts in there also."

INDICTMENT                                    8

Overt Act 55: On or about December 12-30, 2022, Person #1 wired BAZAAR three transfers totaling $4,000.

Overt Act 56: On or about January 3, 2023, BAZAAR shipped a package from Louisiana to Person #1 in San Rafael, California.

Overt Act 57: On or about January 5, 2023, Person #1 filed a false electronic USFWS declaration for loggerhead musk turtles as being "animals bred in captivity (from parents that mated in captivity)."

Overt Act 58: On or about January 5, 2023, Person #1 exported 207 loggerhead musk turtles from San Francisco to Taiwan.

COUNT ONE:        (18 U.S.C. § 371 – Conspiracy)

18.    Paragraphs 1 through 17 of this Indictment are incorporated herein by reference as if set forth in their entirety

19.    Beginning on a date no later than January 14, 2022, and continuing to at least December 12, 2023, in the Northern District of California and elsewhere,

ALBERT BAZAAR,

defendant herein, knowingly combined, conspired, confederated, and agreed with Person #1 and others known and unknown to the Grand Jury, to commit these offenses:

(i)    To knowingly engage in conduct that involved the sale and purchase of, the offer of sale and purchase, and the intent to sell or purchase wildlife with a market value in excess of $350 and to knowingly export, transport, sell, receive, acquire, and purchase in interstate and foreign commerce said wildlife, knowing it was taken, possessed, transported, and sold in violation of any law or regulation of any State, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(B).

(ii)    To knowingly export wildlife in foreign commerce knowing the wildlife was taken, possessed, transported, and sold in violation of any law or regulation of any State, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(A).

(iii)    To knowingly make and submit any false record, account, or label for, and any false identification of wildlife which had been, or was intended to be, transported in interstate and

INDICTMENT                                    9

foreign commerce, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(d)(2), 3373(d)(3)(A)(i).

All in violation of Title 18 United States Code, Section 371.

COUNT TWO:        (18 U.S.C. §§ 3372 and 2 – Lacey Act Trafficking and Aiding and Abetting)

20.    Paragraphs 1 through 17 of this Indictment are incorporated herein by reference as if set forth in their entirety.

21.    On or about May 2, 2022, through on or about January 3, 2023, in the Northern District of California and elsewhere, defendant ALBERT BAZAAR and others did knowingly engage in conduct that involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase wildlife, that is musk and mud turtles, with a market value in excess of $350 and did knowingly transport, sell, receive, acquire, and purchase wildlife in interstate commerce knowing that said wildlife was taken, possessed, transported, and sold in violation of, and in a manner unlawful under, any law or regulation of any state, that is, Cal. Fish and Game Code § 2272 and Fla. Admin. Code Ann. R. 68A-25.002(6).

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B), and Title 18 United States Code, Section 2.

COUNT THREE:        (18 U.S.C. §§ 3372 and 2 – Lacey Act Trafficking and Aiding and Abetting)

22.    Paragraphs 1 through 17 of this Indictment are incorporated herein by reference as if set forth in their entirety.

23.    On or about May 4, 2022, through on or about January 5, 2023, in the Northern District of California and elsewhere, defendant ALBERT BAZAAR and others did knowingly export and sell, and cause to be exported and sold wildlife, that is musk and mud turtles, knowing that said wildlife was taken, possessed, transported, and sold in violation of, and in a manner unlawful under, any law or regulation of any state, that is, Cal. Fish and Game Code § 2272 and Fla. Admin. Code Ann. R. 68A-25.002(6).

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A), and Title 18 United States Code, Section 2.

INDICTMENT                                                10

COUNT FOUR:        (18 U.S.C. §§ 3372 and 2 – Lacey Act False Labeling and Aiding and Abetting)

24.    Paragraphs 1 through 17 of this Indictment are incorporated herein by reference as if set forth in their entirety.

25.    On or about May 4, 2022, to January 5, 2023, in the Northern District of California and elsewhere, defendant ALBERT BAZAAR and others did knowingly make and submit, and cause to be made and submitted, a false record, account, label for, and a false identification, that is a Statement Declaration of Captive Bred Wildlife and USFWS Form 3-177 Declaration for Importation or Exportations, of wildlife, namely musk and mud turtles, that were and intended to be transported in interstate and foreign commerce.

All in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), and Title 18 United States Code, Section 2.

FORFEITURE ALLEGATION:        (16 U.S.C. § 3374 and 28 U.S.C. § 2461(c))

The allegations contained in the four counts of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 16, United States Code, Section 3374 and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense set forth in this Indictment, the defendant,

ALBERT BAZAAR,

shall forfeit to the United States, pursuant to Title 16, United States Code, Section 3374 and Title 28, United States Code, Section 2461(c), all right, title, and interest in any property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without

INDICTMENT                                11

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 16, United States Code, Section 3374, as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 16, United States Code, Section 3374, Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: April 28, 2026                                              A TRUE BILL.


                                                                  /s/ Grand Jury Foreman
                                                                  FOREPERSON


CRAIG H. MISSAKIAN                                ADAM R.F. GUSTAFSON
United States Attorney                            Principal Deputy Assistant Attorney General


    /s/                                               /s/
KENNETH CHAMBERS                                  RYAN CONNORS
Assistant United States Attorney                  Senior Trial Attorney

INDICTMENT                                  12

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    FAX: (415) 436-7240
    kenneth.chambers@usdoj.gov

Attorneys for United States of America

**FILED**

Apr 28 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.:   CR26-00194 TLT |
|     Plaintiff, | MOTION FOR SEALING ORDER |
|     v. | **UNDER SEAL** |
| ALBERT BAZAAR, | |
|     Defendant. | |

       The United States, by and through its counsel, Assistant United States Attorney Kenneth Chambers, moves this Court for an order sealing the government's application for a sealing order, the sealing order, the application for indictment, arrest warrant, and all attachments in the above-referenced case.  Disclosure of the specified documents might jeopardize the defendant's arrest.

       Accordingly, the United States requests that the Court seal these documents, except that the Clerk of Court shall provide copies of the sealed documents to employees of the United States Attorney's Office.  The United States further requests that the United States Attorney's Office be permitted to share these documents as necessary to comply with its discovery obligations, and with the

MOTION FOR SEALING ORDER            1                         v. 2/22/2020

United State Fish and Wildlife Service.

DATED:  April 28, 2026                              Respectfully submitted,

                                                   CRAIG H. MISSAKIAN
                                                   United States Attorney


                                                        _/s/_____
                                                   KENNETH CHAMBERS
                                                   Assistant United States Attorney

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6940
FAX: (415) 436-7240
kenneth.chambers@usdoj.gov

Attorneys for United States of America

**FILED**

Apr 28 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

　　　　Plaintiff,

　　v.

ALBERT BAZAAR,

　　　　Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO.: CR26-00194 TLT

[PROPOSED] SEALING ORDER

**UNDER SEAL**

Upon motion of the United States and good cause having been shown, IT IS HEREBY ORDERED that the government's application for a sealing order, the sealing order, the application for indictment, the indictment, arrest warrant, and all attachments in the above-referenced case, shall be filed under seal until further order of the Court, except that the Clerk of Court shall provide copies of the sealed documents to employees of the United States Attorney's Office. The United States Attorney's Office is permitted to share these documents as necessary to comply with its discovery obligations, and

///

///

[PROPOSED] SEALING ORDER　　　　　　　　　1　　　　　　　　　v. 2/22/2020

with the United State Fish and Wildlife Service.

IT IS SO ORDERED.

DATED: April __28__, 2026

HON. ALEX G. TSE
United States Magistrate Judge